UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GILLETTE CANADA COMPANY,<br>d/b/a ORAL-B LABORATORIES,<br>4 Robert Speck Parkway<br>Mississauga, Ontario L4Z 4C5<br>CANADA,<br><br>      Plaintiff/Appellant,<br><br>v.<br><br>ROBIN RESEARCH LABORATORIES, INC.,<br>1248 Greene Avenue,<br>Westmount, Quebec H3Z 2A3<br>CANADA,<br><br>      Defendant/Appellee. | Civil Case No. _____ |

## COMPLAINT

Plaintiff Gillette Cananda Company d/b/a Oral-B Laboratories, by and through its attorneys, complaining of Defendant, alleges as follows:

### NATURE OF THE ACTION

1. This action is an appeal of a final decision of the Trademark Trial and Appeal Board (the "Board") in an opposition proceeding regarding Application Serial No. 75/662,006 of the mark ORALMAX & Design, pursuant to 15 U.S.C. § 1071(b).

### PARTIES

2. Plaintiff, Gillette Canada Company d/b/a/ Oral-B Laboratories, is a corporation duly organized and existing under the laws of Nova Scotia, Canada, with its

principal place of business at 4 Robert Speck Parkway, Mississauga, Ontario L4Z 4C5, Canada (hereinafter "Oral-B").

3. Upon information and belief, Defendant, Robin Research Laboratories, Inc., is a corporation duly organized and existing under the laws of Canada, with its principal place of business at 1248 Greene Avenue, Westmount, Quebec H3Z 2A3, Canada (hereinafter "RRL").

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and, in particular, 15 U.S.C. § 1071(b). This court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in the District of the District of Columbia pursuant 15 U.S.C. § 1071(b)(4) and 28 U.S.C. § 1391.

## PROCEDURAL HISTORY

6. Defendant, Robin Research Laboratories, Inc. ("RRL") filed Application Serial No. 75/662,006 (the "Application") to register the mark ORALMAX & Design (the "Mark") on March 17, 1999. The Application was approved for publication by the U.S. Patent and Trademark Office ("PTO") and was published in the Official Gazette on August 28, 2001.

7. Plaintiff Gillette Canada Company d/b/a Oral-B Laboratories ("Oral-B") filed several requests for extension of time to oppose the Application while it attempted to negotiate a settlement with RRL. However, settlement negotiations were not successful, and Oral-B filed an opposition on December 20, 2001.

8. Oral-B sought discovery from RRL, and RRL did not respond to interrogatories and document requests, stating that it had not received the discovery requests during the discovery period. Oral-B moved to compel responses, but the Trademark Trial and Appeal Board (the "Board") denied the motion on the ground that it had not been timely filed.

9. Oral-B took testimony in the case and filed a brief. Oral-B filed a Notice of Reliance that included the registration certificates on which it was relying, but it did not file the Notice of Reliance until the rebuttal testimony period. RRL did not take any testimony or file any brief in support of its defense.

10. On April 12, 2005, the Board issued a decision dismissing the opposition on the ground that Oral-B had not provided evidence of its ownership of the registrations on which the opposition was based (see Exhibit 1). Oral-B filed a motion for reconsideration of the decision on April 27, 2005. On June 3, 2005, the Board issued a decision denying the motion for reconsideration (see Exhibit 2).

## FIRST CLAIM FOR RELIEF

11. Oral-B is and for many years its predecessors in title have been engaged in the manufacture, distribution and sale of a wide range of dental care products, including both manual and power-operated toothbrushes, dental floss and toothpaste.

12. In or about 1949, Oral-B's predecessor in title adopted and began to use ORAL B as a trademark and trade name in connection with the manufacture and sale of toothbrushes.

13. In about 1977, Oral-B's predecessor in title began to use the hyphenated form of the mark, ORAL-B. The mark has been used continuously and exclusively by

Oral-B since its adoption and has come to represent a business and goodwill of tremendous value. The line of products identified by the ORAL-B mark and trade name has been expanded and now includes power-operated toothbrushes, denture brushes, interdental toothbrushes and toothbrush systems, dental floss, dental trays, toothpaste, tooth whitening products, prophy angles, oxygenating mouth rinse and topically-applied gels.

14. Oral-B is the owner of all right, title and interest in and to the following United States trademark registrations, all of which are valid, subsisting and incontestable:

| Mark | Registration No. |
| --- | --- |
| ORAL B | 547,130 |
| ORAL-B and Design | 1,106,587 |
| ORAL-B | 1,197,304 |
| ORAL-B | 1,501,858 |
| ORAL-B | 1,502,069 |
| ORAL-B | 1,502,752 |
| ORAL-B | 2,084,928 |
| ORAL-B and Design | 1,608,762 |

Copies of the registration certificates are attached as Exhibits 3-10 hereto.

15. Oral-B and its predecessors in title have expended considerable effort and expense in promoting the ORAL-B trademark and the goods provided in connection with the mark both in the United States and internationally, with the result that the ORAL-B trademark has become a famous mark with an exceedingly valuable reputation and a substantial amount of goodwill.

4

16. By the application herein opposed, the RRL seeks to register the mark ORALMAX & Design for "electric toothbrush and dental flossing units."

17. The drawing of the trademark here opposed is lined for the colors yellow and blue. The color blue has long been used in conjunction with and is associated with Plaintiff's ORAL-B trademark.

18. Oral-B's rights in the ORAL-B trademark are prior and superior to any rights RRL may claim in ORALMAX & Design.

19. RRL's ORALMAX & Design mark so resembles Oral-B's trademark and trade name ORAL-B as to be likely, when used in connection with RRL's products, to cause confusion or mistake and to deceive the trade and public into believing that the ORALMAX products are from the same source as ORAL-B brand products, emanate from Oral-B, or are otherwise authorized, sponsored or licensed by Oral-B.

20. Oral-B will be damaged by the registration sought by RRL because such registration will support and assist RRL in the confusing and misleading use of RRL's mark sought to be registered and will give color of exclusive statutory rights in RRL in violation and derogation of the prior and superior rights of Oral-B in the trademark and trade name ORAL-B.

SECOND CLAIM FOR RELIEF

21. Oral-B repeats and realleges the allegations set forth in paragraphs 1 through 20 as though fully set forth herein.

22. Oral-B's ORAL-B mark is famous and became famous long prior to RRL's adoption of the trademark ORALMAX & design.

23. RRL's ORALMAX & design mark causes dilution of the distinctive quality of Oral-B's famous ORAL-B trademark.

## PRAYER FOR RELIEF

WHEREFORE, Oral-B prays that the decision of the Trademark Trial and Appeal Board dismissing the opposition be reversed, the opposition be sustained, and that the application for registration Application Serial No. 75/662,006 of ORALMAX & Design be in all respects denied.

Respectfully submitted,

Date: Aug. 2, 2005    By: _____

Ruffin B. Cordell (D.C. Bar # 445801)
FISH & RICHARDSON P.C.
1425 K Street N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Of Counsel:
Cynthia Johnson Walden, Esq,
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Plaintiff,
GILLETTE CANADA COMPANY,
d/b/a ORAL-B LABORATORIES,

21137638.doc