# EXHIBIT 1

Mailed:
June 1, 2005

> **This Opinion is Not Citable as Precedent of the TTAB**

# UNITED STATES PATENT AND TRADEMARK OFFICE

## Trademark Trial and Appeal Board

Gillette Canada Company, dba Oral-B Laboratories
v.
Robin Research Laboratories, Inc.

Opposition No. 91124984
to application Serial No. 75662006
filed on March 17, 1999

Michelle Brownlee and Raymond J. De Vellis of The Gillette Company for Gillette Canada Company.

Patrick J. Coyne and James M. Pacious of Collier Shannon Scott for Robin Research Laboratories, Inc.

Before Walters, Bucher and Rogers,
Administrative Trademark Judges.

Opinion by Rogers, Administrative Trademark Judge:

Robin Research Laboratories, Inc. [applicant] has applied to register, on the Principal Register, the following mark for goods identified as "electric toothbrush and dental flossing units," in Class 21.



**Opposition No. 91124984**

The application is based on applicant's claim of use of the mark in commerce and includes a statement explaining that the forms of lining in the mark represent, respectively, the colors blue and yellow.[1]

Gillette Canada Company [opposer] has filed a notice of opposition seeking to prevent issuance of a registration to applicant. In its pleading, opposer has set forth a claim of ownership of seven federal registrations for the marks ORAL B or ORAL-B, the majority of them in certain stylized forms. Plain photocopies of the registrations were attached as exhibits to opposer's pleading. In addition to its assertion that it believes it will be damaged if applicant's mark is registered, opposer has pleaded a claim of likelihood of confusion under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), and a claim of dilution under Trademark Act Sections 2(f) and 43(c), 15 U.S.C. §§ 1052(f) and 1125(c).[2] Applicant, by its answer, admitted only opposer's allegation regarding the filing of applicant's application and what mark applicant seeks to register.

---

[1] Under current practice, applicant would have submitted a drawing of the mark showing the colors and a statement claiming colors as features of the mark. However, at the time this application was filed, various lining patterns were used to show where color appeared in a mark. See Trademark Rules 2.52 and 2.54, 37 C.F.R. §§ 2.52 and 2.54.

[2] Opposer has not referenced these sections of the statute, but its pleading is quite clear as to the claims it is asserting.

**Opposition No. 91124984**

On the last day of its main testimony period, opposer took the testimony deposition of Heather Gregg, a director in "the oral care division, Oral-B," of The Gillette Company. A transcript of the testimony and the exhibits introduced during the deposition were later filed for our consideration. On the penultimate day of the testimony period scheduled for rebuttal, opposer filed, by certificate of mailing, a notice of reliance on eight registrations. Applicant did not participate in the taking of testimony from opposer's sole witness and apparently did not introduce any evidence of its own, as there is none in the record.

Opposer filed a brief. Applicant did not. Neither party requested an oral hearing. We dismiss the opposition for opposer's failure to bear its burden of proof as plaintiff in this case.

Had opposer properly established, in any one of various ways, its ownership of, and the current status of, its pleaded registrations, that would have been sufficient to establish opposer's standing and to remove priority as an issue to be proved. See TBMP Section 704.03(b)(1)(A) (2d ed. rev. 2004), for an explanation of the various ways in which an opposer can ensure that its pleaded registrations are entered into or considered to be part of the record; see King Candy Company v. Eunice King's Kitchen, Inc., 496 F.2d 1400, 182 USPQ 108 (CCPA 1974), and Carl Karcher Enterprises

3

Opposition No. 91124984

Inc. v. Stars Restaurants Corp., 35 USPQ2d 1125 (TTAB 1995), for the proposition that priority of use of a mark need not be proved when a pleaded registration for that mark is properly made of record.

Opposer's pleading did not make its registrations of record because the copies attached thereto are plain photocopies, not certified copies prepared by the USPTO showing status and title. Nor did the answer admit opposer's ownership of the registrations and their continuing validity.[3] Thus, proper introduction of the registrations was a matter to be completed at trial.

Opposer's notice of reliance filed during the testimony period scheduled for rebuttal did not serve to place the registrations attached thereto into the record, because proof of ownership and status of the registrations is part of opposer's case in chief. Therefore, filing of the notice of reliance during rebuttal constitutes improper rebuttal. Sprague Electric Company, Inc. v. Electrical Utilities Company, 209 USPQ 88, 93 and 95 (TTAB 1980), and Jacobsen Manufacturing Company v Automotive Associates, Inc., 149

---

[3] Items attached to a pleading (with the exception of certified copies of registrations showing status and title) do not form part of the trial record in a Board inter partes proceeding, in the absence of an admission of their authenticity by the non-offering party in a responsive pleading, or by a stipulation of the parties, or by proper introduction during trial. See Trademark Rule 2.122(c) and (d), 37 C.F.R. §2.122(c) and (d); see also TBMP Sections 317, 704.05, 704.06 and 706 (2d ed. rev. 2004).

4

**Opposition No. 91124984**

USPQ 651, 652-53 (TTAB 1966)("As to opposer's registrations of 'TURBOCONE' and 'TURBO-VAC', apart from any other consideration, they manifestly constitute improper matter for rebuttal."). See also, Jean Patou Inc. v. Theon Inc., 18 USPQ2d 1072, 1075 (TTAB 1990) (untimely notice of reliance on status and title copy of registration filed after close of testimony period).

Moreover, as applicant did not present any evidence during its assigned testimony period, there was no case in chief presented by applicant and nothing for opposer to rebut. Therefore, opposer actually had no right to file anything during its rebuttal testimony period. Accordingly, we have not considered opposer's notice of reliance.

As noted above, the TBMP outlines various ways for a plaintiff to make its pleaded registrations part of the record, including by appropriate testimony from a competent witness, and even notes ways in which a defendant may effectively have stipulated that the pleaded registrations are of record notwithstanding that a plaintiff has not properly introduced them. In this case, applicant has done nothing that can be considered an admission of the validity and ownership by opposer of the registrations. Nor has opposer's witness established her competency to testify as to ownership and status of the pleaded registrations. The witness did not testify as to the relationship between the

5

Opposition No. 91124984

company for which she works, The Gillette Company, and opposer, Gillette Canada Company. In short, no foundation was laid to establish her personal knowledge of the status and title of registrations purportedly owned not by her employer but by another entity.[4] Moreover, even if she had testified as to the relationship of the companies, she did not present any testimony whatsoever about the registrations.[5]

We have reviewed the deposition of opposer's witness to determine whether there is any testimony concerning use, as opposed to registration, of opposer's marks, and whether such testimony is sufficient to establish use by opposer prior to the filing date of applicant's application. We have found none. The testimony of the witness focuses primarily on sales and advertising figures, consumer recognition of opposer and its products, and opposer's

---

[4] Ms. Gregg testified that she is employed by "The Gillette Company" and its "oral care division, Oral-B." In contrast, opposer is "Gillette Canada Company, dba Oral-B Laboratories." Opposer's brief (p. 1) states that The Gillette Company is opposer's parent company. Statements in a brief, however, are not evidence. See authorities collected in TBMP Section 704.06(b) n. 186 (2d ed. rev. 2004).

[5] In contrast, in Gillette Canada Inc. v. Ranir Corp., 23 USPQ2d 1768, 1770 (TTAB 1992), opposer presented stipulated testimony from the "Director of Trademarks of The Gillette Company" regarding the relationship between opposer and The Gillette Company, and the knowledge of the Director of Trademarks of registrations pleaded therein by opposer. Of course, each case requires its own record and the applicant in this case was not a party to the prior proceeding, so there is no preclusive effect in this case resulting from stipulated testimony or findings of fact in the prior case.

Opposition No. 91124984

market share vis a vis its competitors. There is no testimony of use of specific marks for particular products, as of any date prior to applicant's filing date.[6] We note, in this regard, that opposer, in its brief, has cited to the dates of use in its oldest registration as evidence of its use long prior to applicant. However, dates of use recited in registrations are not evidence of use and are a matter for proof. See authorities discussed in TBMP Section 704.04 (2d ed. rev. 2004). Moreover, as noted above, opposer's registrations have not been made of record.

Because there is no evidence of use of opposer's pleaded marks prior to applicant's filing date, and because opposer did not remove the issue of priority by properly making its pleaded registrations of record, opposer's claim under Section 2(d) fails for lack of proof and is dismissed. See Lone Star Manufacturing Co., Inc. v. Bill Beasley, Inc., 498 F.2d 906, 182 USPQ 368, 369 (CCPA 1974)(when an applicant does not prove use as of any particular date, it may only rely on the filing date of its application); see also, Intersat Corp. v. International Telecommunications Satellite Organization, 226 USPQ 154 n.5 (TTAB 1985).

---

[6] There are discussions of products launched in the two or three years prior to the taking of the deposition in January 2004, and of sales figures for those years. There is even a passing reference to tracking studies measuring consumer awareness having been conducted as early as 2001. There is not, however, any testimony as to use of marks prior to March 17, 1999, i.e., applicant's filing date.

7

**Opposition No.** 91124984

Likewise, because there is no evidence of opposer's use prior to applicant's filing date, there can be no proof that opposer's marks became famous prior to applicant's filing date and, therefore, its dilution claim also fails for lack of proof and is dismissed.  <u>Toro Co. v. ToroHead Inc.</u>, 61 USPQ2d 1164, 1174-75 (TTAB 2001)(opposer pleading dilution must prove that its mark became famous prior to the filing date of an intent to use application).[7]

<u>Decision</u>:  The opposition is dismissed as to both of opposer's claims.

---

[7] At note 9 of the *Toro* decision, the Board wrote, "In a use-based application under Section 1(a) of the Trademark Act, 15 U.S.C. §1051(a), the party alleging fame must show that the mark had become famous prior to the applicant's use of the mark." Solely for purposes of this case, which involves a use-based application, we assume that this statement from *Toro* applies when there is proof of applicant's actual use. We also assume that the issue of dilution should be treated the same as the issue of priority when there is no proof of an applicant's actual use prior to its filing date. Consequently, we assume that an opposer in such case would only have to prove the fame of its mark prior to the applicant's filing date.

8