**EXHIBIT 2**

**Opposition No.** 91124984

Mailed:
June 3, 2005

> **This Opinion is Not
> Citable as Precedent
> of the TTAB**

## UNITED STATES PATENT AND TRADEMARK OFFICE

———

### Trademark Trial and Appeal Board

———

Gillette Canada Company, dba Oral-B Laboratories
v.
Robin Research Laboratories, Inc.

———

Opposition No. 91124984
to application Serial No. 75662006
filed on March 17, 1999

———

### On Request for Reconsideration

———

Michelle Brownlee and Raymond J. De Vellis of The Gillette
Company for Gillette Canada Company.

Patrick J. Coyne and James M. Pacious of Collier Shannon for
Robin Research Laboratories, Inc.

———

Before Walters, Bucher and Rogers,
Administrative Trademark Judges.

Opinion by Rogers, Administrative Trademark Judge:

On April 12, 2005, we dismissed opposer's opposition

for opposer's failure to bear its burden of proof in regard

to either of the claims it had asserted.  Opposer has filed

a timely request for reconsideration.  Applicant has filed a

brief in opposition to the request for reconsideration.

**Opposition No.** 91124984

In our decision, we explained why opposer's filing of a notice of reliance during its rebuttal testimony period was improper.  Specifically, we noted that applicant had not presented any evidence during its assigned testimony period and there was not, therefore, anything for opposer to rebut; and we also noted that opposer's pleaded registrations, which were the items covered by its notice of reliance, were part of its case in chief, so that even if applicant had presented evidence, introduction of proof of opposer's case in chief during rebuttal would have been improper rebuttal.

Opposer, citing Trademark Rule 2.122(b)(2), 37 C.F.R. § 2.122(b)(2), now argues that the rule providing for introduction of status and title copies of a plaintiff's registrations by notice of reliance does not distinguish between filing them during a main testimony period or a rebuttal testimony period.  We construe the argument as relying on Rule 2.122(d)(2), which is the correct rule covering such evidence.  Nonetheless, we reject the argument.  Just because the rule does not differentiate between a plaintiff's two testimony periods does not mean that a plaintiff may file whatever it wishes during its rebuttal testimony period.  Adherence to such a proposition would eviscerate the distinction between evidence properly considered part of a plaintiff's case in chief and that which is properly introduced as rebuttal.  We note, too,

**Opposition No.** 91124984

that Trademark Rule 2.121(b)(1) specifies that the Board
will set "a testimony period for the plaintiff to present
its case in chief, a testimony period for the defendant to
present its case and to meet the case of the plaintiff, and
a testimony period for the plaintiff to present evidence in
rebuttal."  Rule 2.122(d)(2) must be read in concert with
this rule that precedes it, not in a vacuum.

An alternative argument why we should consider the
notice of reliance, notwithstanding that it was improperly
filed as rebuttal evidence when there was nothing to rebut,
notes that applicant did not present any evidence of its own
and did not object to plaintiff's filing; and we add, just
to ensure that this argument is fully considered, that
applicant neither objected to the notice of reliance when it
was filed or in a brief (it did not file a brief).  We also
reject this alternative to opposer's first argument.

Though opposer has not discussed *any* authority in
support of this argument, we note that there are decisions
that hold that a party may be viewed as having waived
certain objections, which might otherwise be raised against
a notice of reliance, if the objections are not promptly
raised.  See authorities discussed in TBMP Section 707.02(a)
(2d ed. rev. 2004).  However, such objections are required
when the party filing evidence improperly will have an
opportunity to remedy its error.  Opposer could not have

4

**Opposition No.** 91124984

remedied its error in this instance, because the error was
not a technical or procedural deficiency but, rather, the
filing of improper rebuttal evidence.  As for applicant's
failure to file a brief, an applicant is under no obligation
to do so.  See TBMP Section 801.02(b).  We recognize that as
a result of its inaction, applicant never objected to
opposer's improper rebuttal evidence, but opposer had no
right to presume that the Board would consider improperly
adduced evidence.  See <u>Original Appalachian Artworks Inc. v.</u>
<u>Streeter</u>, 3 USPQ2d 1717, 1717 n.3 (TTAB 1987) and TBMP
Sections 702 and 706.

Opposer's final argument in its motion for
reconsideration essentially seeks leave to introduce as
evidence, testimony from another proceeding.[1]  This is a
manifestly untimely request, as such evidence must be
offered "during the appropriate trial period."  See TBMP
Section 704.13.[2]

The request for reconsideration is denied.

---

[1] Opposer states in its motion that the testimony is from Opp.
No. 91126804, which would be a proceeding commenced *after* the
instant proceeding.  But the attached transcript of the testimony
reveals that it is actually from Opp. No. 91116804 and was taken
*prior* to commencement of the instant proceeding.

[2] While opposer also addresses our observation in our decision
dismissing the opposition that opposer's witness (not an employee
or officer of opposer) did not lay a foundation for and establish
her competency to testify about marks or registrations owned by
opposer, we need not respond to this.  Even if we were to infer,
as opposer requests, that opposer and the employer of the witness
are related companies, the fact remains that the witness did not
testify about opposer's pleaded priority of use of its marks.